HERSEY, Judge.
Appellants pled nolo contendere to the charges of possession of cocaine and felony *1061 possession of marijuana, specifically reserving their rights to appeal an order denying all of their pre-trial motions, including a motion to suppress illegally seized evidence.
We affirm the trial court’s disposition of the motion.
Following a controlled purchase of narcotics by an informant equipped with a monitoring device, a search warrant was issued directing law enforcement officers to:
[E]nter said premises and search . . . for the aforedescribed illicit narcotics, . . . and the curti-lage thereof, including the persons and their respective vehicles contained within the curtilage, or adjacent thereto, suspected of being connected with said violation. .
The “premises” consisted of a one-family residence located in Hollywood, Florida. The residence was occupied by one Russell R. Clark. Parked next to the residence on the same lot was a collapsible pop-up camper trailer also registered in the name of Russell Clark. The trailer was attached by umbilical cords for electricity and water hook-ups to the residence. The appellants, daughter and son-in-law of Russell Clark, lived in the trailer.
When the officers arrived to execute the search warrant, appellant, Deborah Heffer-nan, and others were in the residence where they were detained until the search could be completed. The trailer was included in the search and narcotics were found in the trailer.
The basis for the motion to suppress illegally obtained evidence was that the pop-up camper trailer was not specifically described in the search warrant. Under the circumstances the search of the trailer was appropriate under either of two rationales. First, the camper trailer was within the curtilage, attached to the principal residence for all practical purposes, and owned by the occupant of that residence. There was no greater right to an expectation of privacy in the camper-trailer than there was in the principal residence. The validly issued warrant authorizing the search of one necessarily authorized the search of the other. Secondly, a camper-trailer is a vehicle. The search warrant specifically authorized a search of vehicles owned by persons in the residence and located within the cur-tilage or adjacent thereto.
We have considered appellant’s additional points on appeal and find them to be without merit.
We therefore affirm the order from which this appeal is taken and the final judgment of conviction.
AFFIRMED.
ANSTEAD and BERANEK, JJ., concur.