MADDOX, Justice
(dissenting).
The Court of Criminal Appeals correctly sets forth the issue, as follows:
“The issue presented is whether a search warrant directed to the premises of a particular apartment of a multi-unit apartment complex authorized the search of a vehicle located in the parking area in front of the apartment. To answer this question, we must address two additional questions: Was the motor home located on the premises or curtilage of the described apartment and, if so, were there reasonably sufficient indicia of ownership or control of the motor home by the apartment resident?”
543 So.2d 719, 720 (1988).
The court then concludes that the motor home was not within the curtilage, and that there were not sufficient indicia of ownership or control over the motor home by the apartment resident to justify the search of the motor home.
There was evidence that there was an extension cord running out the front window of the apartment to the motor home. An officer had observed people going from the apartment to the motor home. Marijuana was actually found in the apartment when the search was conducted pursuant to the warrant, and the motor home was a moveable item.
Because of these facts, I think that there is probable merit in the petition filed by the State and that this Court should grant the writ, hear oral arguments in the case, and *724 decide this very important question concerning search and seizure law; consequently, I must respectfully dissent. Korreckt v. State, 507 So.2d 558 (Ala.Crim.App.1986); Heffernan v. State, 385 So.2d 1060 (Fla.Dist.Ct.App.) cert. denied, 392 So.2d 1375 (Fla.1980); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
STEAGALL and KENNEDY, JJ., concur.